**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

Harvey J. Kesner
Case No. 0:19-CV-61370-RS

Teri Buhl
William Bill Alpert
Barron's Inc., et al., Defendants.
        /



FILED BY _____ D.C.

AUG 26 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

### Defendant's ALTERNATIVE MOTION to TRANSFER VENUE AND MEMORANDUM OF LAW

Pursuant to 28 U.S.C. § 1404(a), 28 U.S.C. § 1406(a), 28 U.S.C. § 1631, Fed. R. Civ. P. 20(b) & 21, and other applicable law, defendant Teri Buhl, makes this motion to transfer venue for those claims to the Southern District of New York .

**FACTS**

Plaintiff filed the complaint in this Court, the Southern District of Florida, on May 31st 2019. The claims are for defamation, commercial disparagement, deceptive and unfair trade practices, and tortious interference.  Plaintiff's suit is nothing more than a means of intimidation to try and discredit respected journalist reporting on a matter of public record and for the benefit of the investing public. The lawsuit is meritless.  Plaintiff knows defendant Buhl doesn't have the financial means to travel to Florida and defend herself. Filing the lawsuit in Florida is just another means of harassment against defendant Buhl.

During the time of reporting on Plaintiff was a partner in New York-based Sichenzia Ross Friedman Ference LLP which was renamed Sichenzia Ross Friedman Kesner LLP. He had an office in New York City where he primarily worked out of. He also had/has a home in New Jersey. Attorney Kesner wrote in his defense of the malpractice suit, filed by a former client MabVax Therapeutics, that the bulk of his work with MabVax was done from New York City along with the work he did write and filing SEC documents for the companies I have reported on. Kesner asked the federal court in the district of southern california to transfer the lawsuit to the southern district of New York for among other things a concern over cost of litigation. Kesner claimed litigating the lawsuit in New York was the best thing for him. In that motion, filed this year, Kesner admits he is a resident of Florida yet still ask for the case to be litigated in New York.

I was located in New York City when I wrote any of my stories on Harvey Kesner. I was primarily located in New York City when I tweeted about the stories I was reporting on Harvey Kesner. As I stated in my declaration New York City is my only residence. I never traveled to Florida for sourcing in any of my reporting. I don't any real property in Florida and have never registered a car in Florida or had a Florida driver's license. I have no physical connection to Florida.

The one time Harvey Kesner asked me to meet him in person (on May 4 2017), while I was working on a story about me and his client Barry Honig, was at a location in midtown New York City. Kesner said he had a meeting near Grand Central. Based on what sources told me about their interaction with Kesner and his client Barry Honig I thought my physical well being could be in danger if I met Harvey Kesner in person and declined to meet in person.  I asked Kesner instead to do a phone call. He never followed up with the phone call when I suggested the time.

I join Barron's and William Alpert in their argument to dismiss the complaint for lack of personal jurisdiction and transfer the Venue to the southern district of New York.

**ARGUMENT**

To transfer the claims against the Defendants to the Southern District of New York , the Court needs to make three findings required by three overlapping statutes and two rules of civil procedure (28 U.S.C. §§ 1404(a), 1406(a), & § 1631; Fed. R. Civ. P. 20(a) & 21): (1) SDNY has personal jurisdiction over the Defendants; (2) venue is proper in the Southern District of New York; and (3) the transfer of those claims to SDNY is appropriate and in the "interests of justice." Pilatus Defendants are likely to argue that this Court should refuse to sever the claims against the Pilatus Defendants and transfer only the entire action to Colorado. This anticipated argument is wrong. This Court should exercise transfer the claims against the Defendants, that voluntary consent to personal jurisdiction and venue in SDNY.

This Court has the statutory authority to transfer the claims against the Defendants to SDNY. In this circuit, a court has the power under both sections 1404(a) and 1406(a) of Title 28 to transfer a case to another federal district in which personal jurisdiction over the defendant can be obtained, venue is proper, and it is in "interests of justice." See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 992 n. 16 (11th 1982). Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This statutory language "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S. Ct. 913, 916 (1962). Similarly, 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Finally, though no controlling authority exists on its proper interpretation, some courts, including Florida federal district courts, have held that 28 U.S.C. § 1631 allows for the transfer of venue "in the interest of justice" where there is a "want of [personal] jurisdiction" over the defendant in the court in which the action was filed.

Federal Rules of Civil Procedure 20(b) and 21 provide this Court with broad discretion to sever any claim against a party. See, e.g., Estate of Amergi ex rel. Amergi v. Palestinian Auth., 611 F. 3d 1350, 1367 (11th Cir. 2010) (affirming district court's decision to sever claims). Where, as here, some, but not all, of the defendants have objected to the plaintiff's chosen forum, courts have severed the plaintiff's claims against the objecting defendants and transferred only those claims to a forum where those defendants may be properly sued. See, e.g., St. Paul Fire & Marine Ins. Co. v. Servidone Const. Corp., 778 F. Supp. 1496, 1509 (D. Minn. 1991). For instance, in another case in this district involving an airplane accident, the court severed claims against two defendants that objected to suit in Florida on personal jurisdiction grounds, and it transferred the claims against them to another district (N.D. Ohio) that had personal jurisdiction over them. Clay v. AIG Aerospace Ins Servs., Inc., Case No. 6:14-cv-235, F.Supp.3d , 2014 WL 6469422, *12-14 (M.D. Fla. Nov. 17, 2014).

The upshot of these three statutes and two rules of civil procedure is that, before a court may transfer claims against some (but not all) of the defendants to another district, the court must find that: (1) personal jurisdiction lies over the transferred defendants in the transferee district; (2) venue is proper in the transferee district; and (3) severance is appropriate and a transfer is in

2 Relying on the statute's legislative history, some courts have concluded that Congress limited transfers under § 1631 to cases in which subject matter jurisdiction only was lacking. See, e.g., SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n. 9 (2d Cir. 2000). Other courts, considering the plain language of the statute, have concluded instead that "want of jurisdiction" refers to both subject matter and personal jurisdiction. See Cimon v. Gaffney, 401 F.3d 1, 7 n. 21 (1st Cir. 2005); Roman v. Ashcroft, 340 F.3d 314 (6th Cir. 2003); Viernow v. Euripides Dev. Corp., 157 F.3d 785 (10th Cir. 1998); Crowe v. Paragon Relocation Res., Inc., 506 F. Supp. 2d 1113, 1126 n. 23 (N.D. Fla. 2007); Tellschow v. Aetna Cas. & Surety Co., 585 F. Supp. 593, 595 (S.D. Fla. 1984). The Eleventh Circuit has not addressed the question. the "interest of justice." See 28 U.S.C. §§1404(a), 1406(a), & 1631; Fed. R. Civ. P. 20(a) & 21; see also Sanchez v. United States, 600 F. Supp. 2d 19 (D.D.C. 2009) (evaluating transfer under section 1406(a) and stating that, "[t]o transfer an action filed in the wrong district, the court must ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum"). In addition, solely for the purposes of transferring under section 1404(a), the Court also must find the transferee district is convenient for the parties and the witnesses; this final finding is not required for transfer under sections 1406(a) or 1631. See 28 U.S.C. §§1404(a), 1406(a), & 1631. We address in the next three parts why this Court may and should make each of these three findings.

SDNY has personal jurisdiction over the Defendants.

Generally, a federal court in diversity must determine whether the exercise of personal jurisdiction over a defendant: (1) is appropriate under the state's long-arm statute and complies with the Fourteenth Amendment's Due Process Clause. Diamond Crystal E.g., Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010). However, in this case, Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124,3 extends jurisdiction to the maximum limit permitted by the Due Process Clause. Benton v. Cameco Corp., 375 F.3d 1070, 1075 (10th Cir. 2004); see also Goettman v. N. Fork Valley Rest. (In re Goettman), 176 P.3d 60,

3 The New York long-arm statute provides:

Engaging in any act enumerated in this section by any person, whether or not a resident of the state of New York, either in person or by an agent, submits such person and, if a natural person, such person's personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:

(a) The transaction of any business within this state;

Accordingly, the normal two-step inquiry is collapsed into a single step focused solely on the Due Process Clause.

The Due Process Clause requires that, for a state to exercise personal jurisdiction over a defendant, the defendant must have "certain minimum contacts" with the state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (internal quotation marks omitted). Personal jurisdiction can be established by one of two ways: general jurisdiction and specific jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15, 104 S.Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). Domicile, place of incorporation, and principal place of business are the "paradigm" bases for the exercise of general jurisdiction over a corporation. Goodyear Dunlop Tires Ops., S.A. v. Brown, 131 S. Ct. 2846, 2853-54, 180 L. Ed. 2d 796 (2011). Specific jurisdiction requires a court to assess, among other things, whether the defendant's contacts with the forum state: (1) are related to the plaintiff's cause of action or have given rise to it; (2) involve some purposeful availment of the

privilege of conducting activities within the forum; and (3) are such that it could have reasonably anticipated being hailed into court there. E.g., Hatton v. Chrysler Canada, Inc., 937 F. Supp. 2d 1356, 1365-67 (M.D. Fla. 2013).
SDNY has general and specific jurisdiction over the defednants, and it has specific jurisdiction over Buhl with the respect to the claims asserted against it in this lawsuit. Accordingly, this Court should find that SDNY has personal jurisdiction over Defendant Buhl.

Venue is proper in the Southern District of New York.

The Southern District of New York would be a proper venue. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a district in which a substantial part of the events giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391. Venue is appropriate under all three prongs.
For purposes of venue, Defendant Buhl is a resident of New York City. Under 28 U.S.C. § 1391(c)(2), an entity, like a corporation, is deemed to reside in any judicial district where it is subject to the court's personal jurisdiction. As discussed above, both Defendants are subject to personal jurisdiction in New York City, satisfying both subpart 1391(b)(1) and (b)(3). Moreover, pursuant to 28 U.S.C. § 1391(b)(2), SDNY is a District in which a substantial part of the events giving rise to this suit occurred, as it is where both defendants reported and worked from.
The other criteria under the statutes and the rules are satisfied.
The transfer of venue is in the "interests of justice," and severance is appropriate.
If this Court determines Florida lacks jurisdiction over either of the Defendants, the "interest of justice" will be served by the transfer of this case to SDNY. If this case is dismissed rather than transferred, it is unclear whether or not Plaintiff would be permitted to re- file suit in SDNY. New York has a one-year statute of limitations on defamation claims.
**Convenience of the parties and witnesses**
This Court may transfer venue to the SDNY under the plain language of either section 1406(a) or section 1631, without making any finding whether SDNY is convenient for the parties or the witnesses. 28 U.S.C. §§ 1406(a), 1631. Therefore, even if this Court were to find that SDNY was not convenient for the parties and the witnesses, it still should transfer the claims against the Defendants to the SDNY under the authority vested to it in sections 1406(a) and 1631. Only section 1404(a) requires this Court to also find that SDNY is convenient for the parties and witnesses, in addition to finding that personal jurisdiction and venue are proper in that district and the interests of justice are served by transfer to that district.
In any event, SDNY is convenient for the parties and witnesses. Baron's, the wholly owned subsidiary of Dow Jones, is a New York entity with its principal place of business in New York City. As stated by Baron's Defendants' counsel in Baron's motion to transfer venue, SDNY has the greatest interest in assessing the conduct of its corporate citizen, Baron's, and, vis-à-vis Baron's, likely has a more substantial relationship with the subject aircraft than any other U.S. state. Furthermore, if this Court determines that Florida lacks jurisdiction over either of the Defendants, SDNY is the only other jurisdiction in the United States that plausibly has jurisdiction over both the Defendants, and the SDNY would be the only court to which this Court could effectuate a transfer under the authority granted to it by state and rule.

If defendant Buhl has to call staff of the Securities and Exchange Commission as witness to their investigation into Harvey Kesner that staff will be located out of the SEC office in New York.
In summary, SDNY is sufficiently convenient for the parties and the witnesses to warrant transfer there under section 1404(a).

**CONCLUSION**

If this case stays in Florida defendant Buhl will be disadvantage as she will absolutely be unable to travel to Florida to defend herself or be part of any depositions because of cost as defendant has to represent herself pro se. Defendant Buhl stands by all of Barron's arguments for why the case must be transferred to SDNY.

Teri Buhl

*Teri Buhl*
8-24-2019