**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-61370-CIV-SMITH/VALLE

HARVEY J. KESNER,

      Plaintiff,

vs.

BARRON'S, INC., et al.,

      Defendants.

_____/

## MOTION FOR CLARIFICATION

Defendants Dow Jones and Company, Inc. ("Dow Jones") and Bill Alpert ("Alpert") respectfully request clarification of the Court's September 17, 2019 Order and in support thereof state as follows:

1.      Plaintiff filed his original Complaint against Dow Jones (erroneously named as "Barrons, Inc."), and *Barron's* reporter Bill Alpert ("Alpert") for defamation and other tag along claims based on an October 4, 2018 *Barron's* news article, published on the *Barron's* website, www.barrons.com.

2.      In the same Complaint, Plaintiff also attempted to lump together his defamation claims against Dow Jones and Alpert with defamation claims against an unrelated, independent journalist named Teri Buhl ("Buhl") based on different articles written by Ms. Buhl and published on Ms. Buhl's website.  Ms. Buhl is not employed by Dow Jones and has no affiliation whatsoever with Dow Jones or *Barron's*.  Ms. Buhl is not represented by counsel in this case, and has appeared *pro se* on her own behalf.

3.      After motions to dismiss and transfer were filed by the Defendants on August 26, 2019 (ECF Nos. 19, 21, 24), instead of responding to the Motions, Plaintiff filed an Amended Complaint (ECF No. 36) on September 16, 2019, the last day for amendments under Rule 15.

Plaintiff's Amended Complaint, in large part, adds new factual allegations and claims against Ms. Buhl for recent statements published on her website about Plaintiff after this action was filed, and one new count against all Defendants that does not change or address the fatal deficiencies with the original Complaint, articulated in the motions that Dow Jones and Alpert previously filed after substantial preparation and expense.  Accordingly, Dow Jones and Alpert intend to refile slightly updated versions of the same motions as to the Amended Complaint, specifically:

- Alpert's Motion to Dismiss for lack of personal jurisdiction and improper venue, or, in the alternative, Motion to Transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a); and

- Dow Jones's Rule 12(b)(6) Motion to Dismiss for failure to state a claim.

4.     Dow Jones and Alpert have reviewed the Court's order on September 17, 2019 mooting the motions directed at the original Complaint (ECF No. 37), and seek clarification as to one aspect of the Court's notation in that order as to "joint dispositive motions" by co-parties  (and similar notation in the Court's September 9, 2019 Order Setting Trial Date).

5.     Consistent with the Court's direction, given that the positions and grounds for relief in Dow Jones's and Alpert's motions to dismiss are in conflict and seek different relief, Dow Jones and Alpert previously filed on August 26 (and will refile) separate motions as noted above—namely, Alpert seeks dismissal for want of jurisdiction against him in his individual capacity on statutory and constitutional grounds; whereas Dow Jones is not seeking dismissal for lack of personal jurisdiction, and instead has moved for dismissal under Rule 12(b)(6) for failure to state a claim as a matter of law.[1]

---

[1] Not only are the requests for relief in the Dow Jones and Alpert motions conflicting but they are entirely different and require discussion of different areas of law and issues and could not be combined in one motion easily or within the page limits as each motion has taken and deserves the benefit (as does the Court) of a full discussion.  Alpert's motion for lack of jurisdiction noted that he would join in Dow Jones's dispositive Rule 12(b)(6) motion only if the Court decides not to dismiss him on the grounds set forth in his jurisdictional motion.

6.      Further, while the Court's direction in the September 17 Order applies only to dispositive motions, in the interest of efficiency and judicial economy, Dow Jones and Alpert filed a joint motion on the non-dispositive and other grounds for relief that were the same for both defendants—namely, the alternative grounds of improper venue and request for transfer of venue to the Southern District of New York under Section 1404.  To that end, Dow Jones fully joined Alpert's motion on those grounds, so that there was no repetition whatsoever in their motions.

7.      However, clarification is requested with respect to the filing of "joint motions" with co-defendant Teri Buhl.  As noted above, the undersigned counsel do not represent Ms. Buhl, who is not affiliated with Dow Jones and is representing herself *pro se*.  Ms. Buhl filed her own motion for improper venue and transfer, based on her individual circumstances, personal facts and separate online publication and articles, and the claims against her based on her publications.  While there is overlap in the relief requested in Ms. Buhl's motion and Alpert's and Dow Jones's motion for improper venue or transfer to New York, we respectfully seek to confirm (and otherwise request) that, in light of the situation with an unrepresented party, counsel for Dow Jones and Alpert are not required to file a joint motion on those issues with co-Defendant Buhl, who we do not represent.  To do so would put counsel in a problematic and difficult situation, as we cannot act as Ms. Buhl's counsel and develop arguments and a factual record on her behalf involving her individualized facts and the distinct allegations against her, or the separate arguments she may independently have on venue issues.  Accordingly, for those reasons, we would respectfully request that the Court clarify that Ms. Buhl may file a separate motion on her own behalf, *pro se*.[2]

---

[2]  One potential option the Court may consider given Ms. Buhl's *pro se* status is to allow her a few extra days to file her responsive pleading, so that she may then adopt any arguments or law set forth in the improper venue and transfer motion filed by Dow Jones and Alpert to the extent she sees fit and to minimize duplication.

## LOCAL RULE 7.1 CERTIFICATION

Defendants' counsel conferred with Plaintiff's counsel and Ms. Buhl on September 19, 2019, and they have no objection to the relief requested by Defendants in this Motion.

WHEREFORE, Defendants Dow Jones and Alpert respectfully request that the Court clarify its September 17, 2019 direction with respect to the filing of joint motions with co-defendant Teri Buhl.

Dated: September 19, 2019

Respectfully submitted,

/s/ *Natalie J. Spears*
Natalie J. Spears (*admitted pro hac vice*)
Gregory R. Naron (*admitted pro hac vice*)
Jacqueline A. Giannini (*admitted pro hac vice*)
DENTONS US LLP
233 S. Wacker Dr.
Chicago, IL 60606
Telephone: (312) 876-8000
natalie.spears@dentons.com
gregory.naron@dentons.com
jacqui.giannini@dentons.com

/s/ *Rachel E. Fugate*
Rachel E. Fugate (Florida Bar. No. 144029)
Kendall O. Pfeifer (Florida Bar No. 105445)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Telephone: (561) 429-3619
rfugate@shullmanfugate.com
kpfeifer@shullmanfugate.com
*Attorneys for Defendant Dow Jones & Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2019, a true and correct copy of the foregoing was served on all counsel or parties on the service list via CM/ECF or email and by U.S. Mail on Defendant Teri Buhl, 1725 York Avenue #30G, New York, NY 10128

/s/ *Rachel E. Fugate*
Rachel E. Fugate
Florida Bar No. 0144029

## SERVICE LIST

Robert C. Buschel, Esq.
Florida Bar No. 0063436
BUSCHEL GIBBONS, P.A.
One Financial Plaza
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida 33394
Tele: (954) 530-5301
Buschel@BGlaw-pa.com
*Counsel for the Plaintiff*

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
*Counsel for the Plaintiff*
(Application for Admission Pro Hac Vice To be Filed)