**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-61370-CIV-SMITH/VALLE

HARVEY J. KESNER,

     Plaintiff,

vs.

BARRON'S, INC., et al.,

     Defendants.

_____/

## DEFENDANTS' MOTION TO STAY DISCOVERY, OR IN THE ALTERNATIVE, EXTENSION OF PRETRIAL DEADLINES, AND INCORPORATED MEMORANDUM OF LAW

Defendants Dow Jones and Company, Inc. ("Dow Jones") and William Alpert ("Alpert") (collectively, "Defendants") respectfully move this Court for an order temporarily staying discovery pending resolution of Defendants' case-dispositive motions to dismiss, or in the alternative, an order extending pretrial deadlines.  In support of this motion, Defendants state as follows:

### BACKGROUND

Plaintiff's claims against Defendants Dow Jones and its reporter Alpert are based on a single October 4, 2018, *Barron's* news article (the "Article").  Following Plaintiff's filing of a First Amended Complaint (ECF No. 36), on September 30, 2019, Defendants filed two separate motions to dismiss the First Amended Complaint: (1) Defendant Alpert filed a Motion to Dismiss for Lack of Jurisdiction, or in the alternative, a Joint Motion with All Defendants to Dismiss for Improper Venue or Transfer to the Southern District of New York ("S.D.N.Y.")

(ECF No. 40), and (2) Dow Jones filed a Motion to Dismiss for failure to state a claim as a

matter of law as to all claims against Dow Jones and Alpert in their entirety, and a Joinder in the

joint motion of all Defendants to dismiss for improper venue or to transfer venue (ECF No. 43).[1]

To begin, Dow Jones's Motion to Dismiss is case-dispositive and is based on the well-

established fair report and fair index privileges which bar Plaintiff's defamation and other tag-

along claims *as a matter of law* because the *Barron's* Article accurately reports on public record

facts contained in government SEC filings and in public record complaints, including the

complaint filed by MabVax Therapeutics against Plaintiff and his prior law firm, and Plaintiff's

own complaint against another prior law firm.  (*See* ECF No. 43.)  As set forth in Dow Jones's

Motion, Defendants cannot, consistent with the First Amendment and Eleventh Circuit

precedent, face liability for accurately reporting on such public record information.  *See, e.g.,*

ECF No. 43 at 8-9, (citing *Nix v. ESPN, Inc.*, 772 F. App'x 807, 812 (11th Cir. 2019) ("[w]hen

the parties submit allegedly defamatory information to a court, that court 'may determine as a

matter of law whether allegedly defamatory publications are "fair and true" reports of official

proceedings'"; affirming dismissal on Rule 12(b)(6) motion) (citation omitted)).[2]

In addition, Defendant Alpert's Motion challenges fundamental threshold issues of

personal jurisdiction and improper venue in this Court.  Resolution of Defendants' Motions, thus,

---

[1] Defendant Teri Buhl has appeared *pro se* in this case and does not have legal counsel.  Ms. Buhl joined in Sections II and III of Defendant Alpert's Motion to Dismiss for Improper Venue or Alternatively to transfer to the Southern District of New York.  (ECF No. 46.)

[2] Rather than respond to Defendants' initial motions to dismiss, Plaintiff filed an Amended Complaint which did nothing to correct the fatal flaws of the original complaint.  The Amended Complaint instead added incendiary rhetoric against Defendants, including pro se Defendant Buhl, and an utterly frivolous new "conspiracy" count.  Plaintiff's counsel has been repeatedly admonished for his *ad hominem* attacks against opposing parties and pro se litigants.  *See Steele v. Goodman*, No. 3:17CV601, 2019 WL 3367983, at *3 (E.D. Va. July 25, 2019); *Lokhova v. Halper, et al.*, No. 1:19-cv-632 (E.D. Va.), ECF No. 90 at 39-41.

will have a significant impact on the direction and scope of case, including whether it will

proceed *at all* or will proceed in a different venue.  Further, given the underlying First

Amendment considerations, determination of whether Alpert, an individual reporter, is subject to

personal jurisdiction, whether this action should be transferred as a matter of law, and otherwise

in the interests of justice, to New York, and whether in all events Plaintiff's claims fail as a

matter of law as set forth in Dow Jones's Motion to Dismiss, are especially important to address

early in the litigation.  *See* ECF No. 43 at 10 (citing *Michel v. NYP Holdings*, Inc., 816 F.3d 686,

702 (11th Cir. 2016) ("there is a powerful interest in ensuring that free speech is not unduly

burdened by the necessity of defending against expensive yet groundless litigation")).

　　Both Motions to Dismiss have been fully briefed since October 21, 2019.  On January 21,

2020, Defendants served a 90-day notice with the Court, as required by Local Rule 7.1(b)(4),

that the foregoing motions have been pending and fully briefed with no hearing set thereon for a

period of ninety days (ECF No. 53).  On January 29, 2020, Defendants filed a Request that the

Court take judicial notice of the recently filed action by Plaintiff in the Southern District of New

York, *Kesner v. Baker Botts, LLP and Shapiro*, No. 1:20-cv-551 (S.D.N.Y.) ("Baker Botts

Action"), in further support of the pending motions to dismiss.  (ECF No. 54.)[3]  As Defendants

pointed out, similar to Plaintiff's purported "conspiracy" claim in this case, in the Baker Botts

Action in New York, Plaintiff alleges that the Defendants in this case, *Barron's*, Alpert and

Buhl, are part of an "illegal enterprise" with Baker Botts to "publish[ ] falsities about plaintiff"

and Plaintiff admits that any "injuries" and "damages" stemming from the purported enterprise

---

[3] Pursuant to Local Rule 3.8, Plaintiff was required to give notice of the Baker Botts Action as a similar action pending before another court.  L.R. 3.8.  Plaintiff failed to do so and did not respond to Defendants' Request.

and alleged "falsities" of which he complains were suffered in New York.[4]  To date, the Court

has not yet set a hearing or ruled upon either Motion to Dismiss.

Prior to the filing of Plaintiff's First Amended Complaint, on September 6, 2019, the

Court entered a Scheduling Order (ECF No. 33) setting the pretrial deadlines and ordering that

fact discovery be completed by May 4, 2020.  Defendant Dow Jones has served preliminary

written discovery requests on Plaintiff and issued initial third-party subpoenas given the case

schedule; Plaintiff has served no discovery to date.

## ARGUMENT

### I.    There Is Good Cause To Stay Discovery In The Circumstances

Courts have wide discretion to stay discovery pending resolution of a motion to dismiss,

and regularly do so where the motions to dismiss if granted would dispose of the case.  That is

the case here.  As noted above, resolution of Defendants' Motions to Dismiss will determine

whether this case will proceed at all, and otherwise will have a significant impact on the

direction and scope of case, including whether the pending motions to dismiss will be heard by

this Court or in the Southern District of New York.

A stay of discovery in these circumstances is appropriate.  While stays of discovery are

generally not favored, courts routinely have found good cause to stay discovery where resolution

of a preliminary motion may dispose of the action.  In *Chudasama v. Mazda Motor Corp*, the

Eleventh Circuit explained the rationale for granting a motion to stay:

> If the district court dismisses a nonmeritorious claim before discovery has begun,
> unnecessary costs to the litigants and to the court system can be avoided. . . .
> Allowing a case to proceed through the pretrial processes with an invalid claim
> that increases the costs of the case does nothing but waste the resources of the
> litigants in the action before the court, delay resolution of disputes between other

---

[4] This contradicts Plaintiff's representations in this case, made when Plaintiff was seeking to avoid application of New York law and transfer to the SDNY, that he "was injured in Florida." (*Id*.; citing ECF No. 48 at 7, ECF No. 49 at 1.)

4837-2098-5270, v. 1

litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

123 F.3d 1353, 1368 (11th Cir. 1997); s*ee also Soldevilla v. On the Barrelhead, Inc.*, No. 19-CV-14462, 2020 WL 597317, at *1 (S.D. Fla. Feb. 5, 2020) ("By staying discovery until the motion to dismiss is resolved, the parties will avoid the burden of potentially unnecessary, expensive and fruitless discovery."); *Padilla v. Porsche Cars N. Am., Inc.*, No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (granting stay).[5]

Here, good cause exists for granting a stay of discovery where Defendants' motions to dismiss are "meritorious and truly case dispositive." *Chevaldina v. Katz*, No. 17-22225-CIV, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017). Dow Jones's motion to dismiss for failure to state a claim sets forth numerous reasons for dismissing each and every count of the First Amended Complaint (ECF No. 43). A "preliminary peek" at Dow Jones's motion, *Chevaldina* at *3, confirms that it is based on well-established privileges and First Amendment principles.

While Dow Jones has served Plaintiff with written discovery and third-parties with document subpoenas in accordance with the case schedule, proceeding with further discovery at this point, prior to the Court's resolution of the Motions to Dismiss, will cause significant expense and burden to both Defendants and third-parties -- and will be wholly unnecessary and a potential waste of precious resources if Defendants' Motions to Dismiss are granted. Absent a temporary stay, Dow Jones will be constrained to otherwise proceed with further discovery under

---

[5] *See also McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (holding defendants have shown good cause for stay of discovery); *Landmark Equity Fund II, LLC v. Residential Fund 76, LLC*, No. 13-20122-CIV, 2013 WL 12144068, at *1 (S.D. Fla. Nov. 21, 2013) (granting stay, court noted "[f]acial challenges to the sufficiency of a claim—such as a motion to dismiss based on a failure to state a claim upon which relief can be granted—may justify a stay on discovery pending resolution of the dispositive motion."); *Solar Star Sys., LLC v. Bellsouth Telecommunications, Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay"; stay granted).

4837-2098-5270, v. 1

the current schedule, including depositions, third-party subpoenas and (potentially) expert

discovery, at great expense and prejudice to both Defendants and third parties.  In view of his

jurisdictional challenges Defendant Alpert cannot participate in discovery, and hence may be

faced with a situation where he is foreclosed from doing so if the discovery deadlines have run.

In contrast, a brief stay of discovery will not prejudice Plaintiff who has not served any

discovery, and will have sufficient opportunity to conduct discovery if his claims advance in this

case.[6]

Further, as noted above, a stay of discovery will preserve the resources of not only the

parties and the Court, but also of the third-parties from whom Defendants need to seek discovery

to protect Defendants' interests under the current schedule and develop all defenses, even though

additional defenses are potentially wholly unnecessary given the pending Motions to Dismiss.

Accordingly, Defendants respectfully submit that it is unduly burdensome and a waste of

resources to begin depositions or to require third-parties comply with discovery at this juncture.

In sum, in light of the pending Motions to Dismiss, as to which there is a significant

likelihood of success, and in light of Defendants' good faith approach to discovery and the case

law supporting stays in these circumstances, a temporary stay pending resolution of the Motions

to Dismiss is justified and should be granted.

## II.      Alternatively, A Discovery Extension Is Necessary And Appropriate

In the alternative, Defendants request that the Court extend fact discovery 90 days until

August 3, 2020 and extend all other pretrial deadlines by the same 90 days.  Defendants have

recently issued third-party subpoenas seeking information related to Plaintiff's claims.  Based on

preliminary discussions with certain of the third-parties, additional time will be needed for

---

[6] As noted above, Plaintiff has not yet served written discovery on any Defendants.  Defendants request that the stay encompass any discovery requests by Plaintiff.

4837-2098-5270, v. 1

production of responsive documents and to resolve objections raised by the third-parties.  In the

absence of a ruling on Defendants' case-dispositive motions -- a ruling that would obviate the

discovery necessary to fully protect and preserve all of Defendants' defenses if this case were to

proceed -- Defendants have justifiably been reluctant to commit further resources to conducting

depositions in this matter (and, again, in view of his jurisdictional challenges, Defendant Alpert

cannot do so).  Further, because Defendants are still in the early stages of discovery, they are not

yet in a position to identify all fact witnesses by March 9, 2020 and potential experts in time for

the expert disclosure deadline of May 11, 2020.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court temporarily stay further

discovery until Defendants' Motions to Dismiss have been resolved, or in the alternative, that the

Court extend fact discovery to August 3, 2020 and simultaneously extend all pretrial deadlines

by 90 days.

## LOCAL RULE 7.1 CERTIFICATION

Counsel for Defendants have made reasonable and good faith efforts to confer with

counsel for Plaintiff, but have not received a response.  Counsel for Defendants originally had a

teleconference with Steve Biss, counsel for Plaintiff, on February 3, 2020, at which time counsel

for Defendants raised the possibility of filing a motion for stay of discovery.  Counsel for

Plaintiff indicated that he would confer with his client and get back to Defendants, but did not do

so.  On February 5, counsel for Defendants requested by email that counsel for Plaintiff provide

his position on the motion for stay.  Counsel for Defendants did not receive a response.

On February 25, counsel for Defendants again emailed counsel for Plaintiff requesting a

meet and confer on the motion for stay and raising the alternative request for extension of the

schedule.  Plaintiff's counsel did not respond.  Counsel for Defendants then left a voicemail for

Plaintiff's counsel on February 27 and sent another email that evening.  Counsel for Defendants

have not received a response.

Pro se Defendant Teri Buhl consents to the relief sought in this motion.

Dated: March 2, 2020

Respectfully submitted,

/s/ *Natalie J. Spears*
Natalie J. Spears (*pro hac vice*)
Gregory R. Naron (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 S. Wacker Dr.
Chicago, IL 60606
Telephone: (312) 876-8000
natalie.spears@dentons.com
gregory.naron@dentons.com
jacqui.giannini@dentons.com

/s/ *Rachel E. Fugate*
Rachel E. Fugate (Florida Bar. No. 144029)
Kendall O. Pfeifer (Florida Bar No. 105445)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Telephone: (561) 429-3619
rfugate@shullmanfugate.com
kpfeifer@shullmanfugate.com

*Attorneys for Defendant William Alpert and*
*Dow Jones & Company, Inc.*

4837-2098-5270, v. 1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2020, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record on the service list and by email on Defendant Teri Buhl.

/s/ Rachel E. Fugate
Rachel E. Fugate
Florida Bar No. 0144029

9