UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-61370-CIV-SMITH/VALLE

HARVEY J. KESNER,

    Plaintiff,

vs.

BARRON'S, INC., et al.,

    Defendants.

_____/

# DEFENDANT DOW JONES AND COMPANY, INC.'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY, REQUEST FOR HEARING ON DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendant Dow Jones and Company, Inc. ("Dow Jones") hereby moves pursuant to Local Rule 26.1(g) for an Order compelling Plaintiff Harvey J. Kesner ("Plaintiff" or "Kesner") to supplement his written responses to Dow Jones's First Set of Requests for Production and Interrogatories and to produce documents. In support of this Motion, Dow Jones states as follows.

## INTRODUCTION

Plaintiff has wholly failed to comply with his discovery obligations in this case. To date, he has not produced a single document in response to Dow Jones's requests for production. Further, Plaintiff's written responses to the requests for production and interrogatories are anemic and non-substantive in violation of the Federal Rules. Plaintiff's use of boilerplate objections is directly contrary to the Rules and the law in the Eleventh Circuit, and his refusal to produce non-privileged documents that are responsive and relevant to this matter is completely unjustified. Dow Jones respectfully requests that this Court enter an order compelling Plaintiff to supplement his written discovery responses and produce all non-privileged and responsive documents in his possession, custody or control.

Dow Jones also requests a telephonic hearing with the Magistrate Judge to address Plaintiff's compliance and logistics related to discovery, which is imperative in light of the current case schedule.

## PROCEDURAL BACKGROUND

On February 5, 2020, Dow Jones served its First Set of Requests for Production of Documents ("Document Requests") and Interrogatories on Plaintiff. Pursuant to the Federal Rules of Civil Procedure, Plaintiff's responses were due on March 6, 2020. Plaintiff did not serve his responses or produce any documents on that date. During a call between counsel on March 9—when Plaintiff's responses were already untimely—counsel for Plaintiff requested an

extension until March 12 to serve his written responses.  Counsel for Dow Jones agreed to the request, with the understanding that Plaintiff's documents would be produced on March 12 or shortly thereafter.  (*See* Exhibit A, Spears 3/9 email.)

On March 12, Plaintiff served his written responses to Dow Jones's Document Requests and Interrogatories.  (Exhibit B.)  He did not produce any documents.  As discussed in detail below, Plaintiff's written responses were largely non-substantive and in violation of the Federal Rules.  On March 16, Dow Jones sent Plaintiff's counsel a meet and confer letter regarding the discovery responses, requesting production and compliance by March 19, 2020.  (Exhibit C.)  Counsel for Dow Jones also sent an email on March 24 requesting a meet and confer conference.  To date, Plaintiff and his counsel have not responded to the letter or email, supplemented his responses or produced any documents.

Additionally, on March 2, Defendants filed a Motion to Stay Discovery, or in the Alternative, Extension of Pretrial Deadlines in light of the pending motions to dismiss that would resolve the case.  Plaintiff's counsel informed Defendants' counsel that Plaintiff agreed to the extension of the discovery schedule (*see* Exhibit A), and Plaintiff did not file an opposition to the Motion. On March 18, Defendants' filed a Reply in support of their Motion.  On March 24, the Court denied Defendant's Motion.  With the May 4, 2020 discovery deadline looming, Dow Jones files this Motion to Compel to require Plaintiff to adequately comply with his discovery obligations.

## ARGUMENT

### I.   Plaintiff Has Failed to Produce Any Documents.

Not only are Plaintiff's written discovery responses insufficient as detailed below, his document production is completely non-existent.  Many of Plaintiff's Responses to the Document Requests simply state that "[a]ll responsive documents in Plaintiff's possession will

2

be produced[.]" (Exhibit B, at Document Request Responses Nos. 1, 5, 6, 7, 8, 9, 23, 24, 25 and 26.) Yet Plaintiff did not produce any documents in conjunction with his Responses. Rule 34 does not provide a separate time frame for the production of documents and Plaintiff's production is now untimely.

Further, Dow Jones cannot evaluate the completeness of Plaintiff's responses without the documents themselves, and reserves all rights to challenge Plaintiff's responses when documents are produced.

**II.     Plaintiff's Written Discovery Responses Are Insufficient And Violate The Federal Rules.**

**A.     Plaintiff's Vague, Boilerplate Objections to Document Requests Are Improper.**

A large number of Plaintiff's Responses to Dow Jones's Document Requests contain the following boilerplate response:

> Objection - beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents, attorney-client privilege and work-product.

(See Exhibit B, at Interrogatory Responses Nos. 2, 3, 4, 6, 10, 15, 16, 17, 18, 19, 20 and 21.) This type of unsupported objection does not comply with the Federal Rules and is not enforceable in the Eleventh Circuit. Rule 34 requires that response "state with specificity the grounds for objecting to the request, including the reasons." Fed.R.Civ.P. 34(2)(B); *see also Felicia v. Celebrity Cruises, Inc.*, 286 F.R.D. 667, 670 (S.D. Fla. 2012) ("Broad generalized objections unsupported by memorandum of law or other document are impermissible.").

Plaintiff's objection also violates his obligation to "produce any requested document in h[is] 'possession, custody or control[,]'" Fed.R.Civ.P. 34(a), regardless of whether it can be obtained from a third party," *Partlow v. City of Jacksonville*, No. 3:06-cv-892, 2007 WL

3

2565942 (M.D. Fla. Aug. 31, 2007); "[c]ontrol is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984)); *see also Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594, 606-607 (S.D. Fla. 1991) ("the broad scope of discovery allowed under the Federal Rules of Civil Procedure" is reflected in Rule 34's requirement to produce requested documents within party's possession, custody or control).

Plaintiff's objection that it is "unduly burdensome and unreasonable for Plaintiff to have to obtain these documents" is also insufficient. Rather, Plaintiff must explain for each response where such documents are located and why Plaintiff believes it is burdensome to collect and produce them. *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) ("[A]n objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden.") (citations omitted). Dow Jones requests that the Court compel Plaintiff to produce any non-privileged documents responsive to the requests that are properly in his possession, custody or control and to deem Plaintiff to have waived all other improperly-stated objections.

**B.     Plaintiff's Objections and Responses to Interrogatories Suffer Numerous Flaws.**

As set forth individually below, Plaintiff's responses to a vast number of the Interrogatories violate his obligation under Rule 33 to answer each Interrogatory "separately and fully" or state with "specificity" the grounds for objecting. Fed.R.Civ.P. 33(b).

**Interrogatory No. 1**: Identify each and every statement in the Barron's Article that You allege is false and defamatory and of and concerning You and which forms the basis of Your claims in this Action, and for each statement:
    a.    explain specifically what is false and what You contend the truth is;
    b.    explain specifically how the statement injured Your reputation;
    c.    identify all facts and documents that support Your contention that the statement is false; and

      d.      identify all Persons with knowledge relating to the truth or falsity of the statement.

<u>Plaintiff's Response</u>[1]:  The false and defamatory statements are identified in Plaintiff's amended complaint and in his memorandum in opposition to Barrons' motion to dismiss pursuant to Rule 12(b)(6).  The statements and meaning are well understood and self-explanatory. . .

**Interrogatory No. 2:** To the extent that You contend that the Barron's Article contains a false and defamatory implication about You, identify each and every implication that You allege is false and defamatory, and for each implication:
- a. identify the specific statements in the Barron's Article that You allege give rise to the implication;
- b. explain specifically what is false and what You contend the truth is;
- c. explain specifically how the implication injured Your reputation;
- d. identify all facts and documents that support Your contention that implication is false; and
- e. identify all Persons with knowledge relating to the truth or falsity of the statement.

<u>Plaintiff's Response</u>: The false and defamatory statements are identified in Plaintiff's amended complaint and in his memorandum in opposition to Barrons' motion to dismiss pursuant to Rule 12(b)(6).  The statements and meaning are well understood and self-explanatory. . .

**<u>Deficiencies with Responses to Interrogatories 1 and 2</u>:** Plaintiff's reference to the First Amended Complaint ("FAC")—without out any citation to a particular paragraph or allegation—is insufficient.  Dow Jones is entitled to know with specificity the basis for Plaintiff's claims.  *See Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("OneBeacon is entitled to know the factual basis for Travelers' allegations against it, and Travelers is obligated to furnish the information that is available to it.").

**Interrogatory No. 3:**  Identify all clients You or Sichenzia have represented "that were in the sights of the SEC during a multi-year, multi-company investigation" as alleged in paragraph 4 of the Complaint or whose investors have included Barry Honig, Michael Brauser, Mark Groussman, John Stetson, Philip Frost, or any of the other original individual Defendants named in the SEC Action.

<u>Plaintiff's Response</u>: . . . Plaintiff further objects because the interrogatory seeks information that is unknown to or not in Plaintiff's possession.  Plaintiff further objects because the information sought is irrelevant to Plaintiff's claims because it does not relate to Plaintiff, and

---

[1] Plaintiff's responses for each Interrogatory are quoted only in part to highlight the objectionable portion of the responses.  Plaintiff's complete responses are attached hereto as Exhibit B.

5

it is not proportional to the needs of this case. Subject to and without waiving the foregoing objections, Plaintiff maintains that the identity of his clients is confidential and privileged.

**Deficiency with Response to Interrogatory 3:** Plaintiff's objection that the Interrogatory "seeks information that is unknown to or not in Plaintiff's possession" is not credible. It is Plaintiff's own statement in the FAC that he "represented companies that were in the sights of the SEC during a multi-year, multi-company investigation." (FAC at ¶ 4.) Clearly Plaintiff knew what clients he was referencing when he wrote that statement, and opened the door to discovery by putting these facts directly at issue in his amended complaint.

Further, Plaintiff's claim that "the identity of his clients is confidential and privileged" is contrary to law. The fact of a representation is not privileged. *See Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1391 (N.D. Ga. 2017) ("The fact that a client is meeting with an attorney for the purposes of obtaining legal advice, and the general subject matter of such meeting, is not necessarily privileged."). Additionally, if Plaintiff represented these clients in court proceedings or on SEC filings, their identity would no longer be confidential.

**Interrogatory No. 4:** Identify whether You have been investigated by any state, local, federal, and/or law enforcement official(s) or regulatory or administrative bodies.

Plaintiff's Response: Plaintiff objects to interrogatory no. 4 because the time frame is overbroad, because the subject matter is overbroad, because it would be unduly burdensome for Plaintiff to inquire of every "state, local, federal and/or law enforcement official(s) or regulatory or administrative bod[y]" anywhere in the world to determine if an investigation occurred, and because "any" investigation is irrelevant to the claims at issue and not proportional to the needs of the case. . . . Plaintiff further objects because the interrogatory seeks information not in Plaintiff's possession. Subject to and without waiving the foregoing objections, Plaintiff restates and incorporates his answer to interrogatory no. 1a above.

**Deficiency with Response to Interrogatory No. 4:** Plaintiff's response to this Interrogatory -- restating and incorporating his (deficient) answer to interrogatory No. 1a, which addresses only certain SEC investigations, is not in any way a complete response. Further, Plaintiff's objection that "it would be unduly burdensome to respond" is disingenuous and

without merit.  Clearly Defendant is not asking for information about which Plaintiff is not aware or was not given notice.  Defendant is entitled to a response based on information in Plaintiff's possession, custody or control.

**Interrogatory No. 6:**  Identify all lawsuits in which You have been involved, including as a named plaintiff or defendant; as an officer, director or employee of a company that was being sued or was suing; or as a witness or recipient of a subpoena, in the past ten (10) years.

Plaintiff's Response: Plaintiff objects to interrogatory no. 6 because the time frame is overbroad and because the subject matter is overbroad, irrelevant and not proportional to the needs of the case. . . . Subject to and without waiving the foregoing objections, the lawsuits to which Plaintiff was and is named as a plaintiff or defendant are matters of public record.

**Deficiency with Response to Interrogatory No. 6:**  First, the fact that these matters may be public record is not a basis to avoid identifying them.  *See Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) ("a party must provide information in response to a Rule 33 interrogatory if such information is under its control"); *Partlow v. City of Jacksonville*, 2007 WL 2565942, at *1 (responsive information must be produced "regardless of whether it can be obtained from a third party").  It is much easier for Plaintiff to identify these matters to which he was a party than for Defendant to have to scour the internet or search court records.  Further, not all state court proceedings are easily accessible.

Additionally, Interrogatory No. 6 also requested the identity of all lawsuits in which Plaintiff was involved "as an officer, director or employee of a company that was being sued or was suing; or as a witness or recipient of a subpoena[.]"  Plaintiff's Response does not address these matters, which may not be a matter of public record.

**Interrogatory No. 9:**  Identify all publications you have authored and all professional courses or seminars you have taught, in whole or in part, during the past ten (10) years.

Plaintiff's response:  Plaintiff objects to interrogatory no. 9 because the time frame is overbroad and because the subject matter is overbroad, irrelevant and not proportional to the needs of the case. . . . Subject to and without waiving the foregoing objections, Plaintiff's has authored articles in subscription based professional journal Law360 and served as a panelist in continuing legal education subscription seminars and conferences.

**Deficiency with Response to Interrogatory No. 9**: Plaintiff's vague response is insufficient. As with Plaintiff's response to Interrogatory No. 6, he has an obligation to list this information with specificity because it is in his possession, custody and control.

**Interrogatory No. 10:** Identify all damages You are seeking and state how those damages were caused by Defendants. If You are claiming a loss or decrease of income, profit or any other business, compensation or benefit, identify specifically:
a. names and contact information for each client, Person and/or entity from which you expected such income, profit, business, compensation or benefit;
b. the exact amount of such loss or decrease, including the manner in which each loss or decrease was computed and the date of such loss or decrease; and
c. all facts which support such claims, expectations and amounts including but not limited to all facts supporting Your allegations in Paragraphs 21, 77-80 of the Complaint.

Plaintiff's Response: See Plaintiff's Rule 26(a)(1) disclosures. Plaintiff will supplement his answer to this interrogatory to identify his loss of income and diminished future earnings capacity claims, as this may be the subject of expert testimony.

**Deficiency with Response to Interrogatory No. 10:** Plaintiff's reference to his Rule 26(a)(1) disclosures is insufficient. It is within Plaintiff's sole knowledge which clients' and entities' business he allegedly lost, and these persons are not identified in Plaintiff's initial disclosures. Dow Jones is entitled to know the names of these persons so that it may appropriately prepare its defense. "The fact that [Plaintiff] may later supplement [his] interrogatory answers with an expert report does not permit [him] to refuse to respond with whatever discoverable information [he] now holds." *Essex Builders Grp., Inc.*, 230 F.R.D. at 685.

**Interrogatory No. 11:** Identify the "innumerable third-parties who are necessary to Plaintiff's practice" who have "shun[ned] Plaintiff" and the "former clients, investment bankers, accountants, auditors, brokers, financial printers and others" who no longer return Your calls, as alleged in paragraph 7 of the Complaint.

Plaintiff's Response: Plaintiff has been shunned from association with colleagues and counterparties in which his career requires constant trust and confidence, open and consistent communications and professional regard, such as other attorneys, colleagues at his former law firm, investment bankers and brokerage firms, investors, auditors, accountants, regulators and other regular participants in the capital markets and securities offerings. The identity of such parties includes all lawyers, professionals, and employees of the law firm formerly known as Sichenzia Ross Ference Kesner, LLP, all clients and the board or directors and senior executives

8

of clients of such firm with which Plaintiff was engaged, each and every accountant, auditor, investment banker, investor, transfer agent and financial printer associated with such clients, and the SEC, FINRA, NASDAQ and New York Stock Exchange. Plaintiff's personal bank accounts with Chase Bank and brokerage account with E*Trade Financial have been closed as a result of the accusations in the Barron's Article.

**Deficiency with Response to Interrogatory No. 11:** Plaintiff's response fails to identify these entities or individuals with more than the broadest of the generalities. As stated above, Dow Jones is entitled to know the actual identity, by name, of the persons and businesses on which Plaintiff is basing his damages claim. Plaintiff's vague response is patently insufficient and needs to be supplemented.

**Interrogatory No. 12:** Describe all personal injuries, conditions, and symptoms of ill being, including all emotional or psychological conditions, allegedly sustained as a result of the conduct alleged in the Complaint and the time of onset in relation to that conduct; for each, identify each doctor, healing arts practitioner or other institution or individual who treated or consulted with You in relation thereto; and list all diagnoses, prescriptions, treatments or medications received from or recommended by each practitioner, institution or individual. State all facts and identify all documents which refer or relate to any claim that Defendants' conduct caused such harm.

Plaintiff's Response: See Plaintiff's Rule 26(a)(1) disclosures.

**Deficiency with Response to Interrogatory No. 12:** Plaintiff's reference to his Rule 26(a)(1) disclosures is again insufficient. These disclosures describe Plaintiff's alleged damages only in the most vague and general terms.

**Interrogatory No. 13:** Identify all persons who have or claim to have knowledge of Your physical or emotional condition prior to, at the moment of, or subsequent to, the conduct alleged in the Complaint; knowledge of the injuries and damages allegedly following from that conduct; or knowledge of any other facts and circumstances surrounding the incidents referred to in the Complaint, or in Your answers to these Interrogatories.

Plaintiff's Response: The following persons are believed to have such knowledge:
- Plaintiff;
- Plaintiff's family members;
- Plaintiff's former law partners, associates and staff;
- Defendants;
- The SEC;
- The defendants named in the SEC Action.

9

**Deficiency with Response to Interrogatory No. 13:** Plaintiff's vague response is once again patently insufficient. As stated above, Dow Jones is entitled to know the *actual* identity, by name, of the persons and businesses on which Plaintiff is basing his damages claim.

C. **Plaintiff's Interrogatory Responses Are Procedurally Invalid Without a Verification.**

Plaintiff's Interrogatory Responses do not include a completed verification—the execution place, date and signature line are left blank. (See Exhibit B at 21.) This violates the directive of Rule 33 that interrogatories be responded to "under oath."

## CONCLUSION

Based on the foregoing, Dow Jones respectfully requests that the Court enter an Order compelling Plaintiff to supplement his responses to the Document Requests and Interrogatories and to produce all non-privileged documents in his possession, custody and control that are responsive to the Document Requests. Dow Jones also requests a telephonic hearing with the Magistrate Judge to address Plaintiff's compliance and logistics related to discovery, which is a matter of urgency in light of the current case schedule and complications arising from the Coronavirus crisis.

## GOOD FAITH CERTIFICATE

The undersigned certifies that counsel for Dow Jones made reasonable efforts to confer with Plaintiff's counsel by: (1) conducting a teleconference on March 9, 2020 and agreeing to counsel's request for extension until March 12 (Exhibit A); (2) sending a letter outlining the deficiencies and requesting a meet and confer on March 16 (Exhibit C); and (3) requesting a meet and confer via email on March 25. Counsel for Dow Jones has not received a response to its recent requests to meet and confer.

Dated: March 26, 2020

Respectfully submitted,

/s/ *Natalie J. Spears*
Natalie J. Spears (*pro hac vice*)
Gregory R. Naron (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 S. Wacker Dr.
Chicago, IL 60606
Telephone: (312) 876-8000
natalie.spears@dentons.com
gregory.naron@dentons.com
jacqui.giannini@dentons.com

/s/ *Rachel E. Fugate*
Rachel E. Fugate (Florida Bar. No. 144029)
Kendall O. Pfeifer (Florida Bar No. 105445)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Telephone: (561) 429-3619
rfugate@shullmanfugate.com
kpfeifer@shullmanfugate.com

*Attorneys for Defendant William Alpert and Dow Jones & Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2020, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record on the service list and by email on Defendant Teri Buhl.

                                                      */s/ Rachel E. Fugate*
                                                      Rachel E. Fugate
                                                      Florida Bar No. 0144029