**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-61370-CIV-SMITH/VALLE

HARVEY J. KESNER,

    Plaintiff,
v.

BARRON'S, INC., WILLIAM "BILL"
ALPERT, TERI BUHL,

    Defendants.
_____/

**ORDER GRANTING MOTION TO TRANSFER VENUE**

This matter is before the Court on Defendant William Alpert's Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Joint Motion with All Defendants to Dismiss for Improper Venue or Transfer [DE 40]. Defendant Alpert moves to dismiss Plaintiff Harvey J. Kesner's Amended Complaint [DE 36] for lack of personal jurisdiction; in the alternative, Defendant Alpert, joined by his co-Defendants Barron's Inc. (Dow Jones) and Teri Buhl, moves to dismiss the Amended Complaint for improper venue or transfer the action to the Southern District of New York. The Court has carefully considered the Motion, Plaintiff's Response [DE 49], Defendant's Reply [DE 50], and all relevant submissions and case law. Upon consideration, the Court finds that transfer of this case to the Southern District of New York is warranted, and thus need not reach Defendant's arguments as to personal jurisdiction.

**I.   BACKGROUND**

Plaintiff, an attorney licensed in New York and residing in Florida, brings claims for defamation, commercial disparagement, violation of the Florida Deceptive and Unfair Trade Practices Act, tortious interference, and common law conspiracy against Defendants stemming

from the publication of allegedly false statements in a news article and on a blog. Some of these statements were made in an October 4, 2018, article in the Dow Jones publication Barron's titled "The Lawyer at the Center of the SEC Pump-and-Dump Case," which was researched and written by Defendant Alpert out of New York. (Alpert Decl. at ¶ 3.) The article reports on an SEC action filed in the Southern District of New York and a related malpractice suit filed against Plaintiff and his former firm and discusses Plaintiff's representation of various clients involved in the SEC action while he was a named partner at the New York firm of Sichenzia Ross Ference Kesner LLP. (Am. Compl. at ¶ 37.) Plaintiff also bases his defamation claim on articles written by Defendant Buhl, a New York independent journalist unaffiliated with Dow Jones or Alpert.

The instant Motion asserts that Defendant Alpert is not subject to personal jurisdiction in the Southern District of Florida; that the Southern District of Florida is not the proper venue for this action; and that transfer of this case to the Southern District of New York is warranted. As to venue, the parties primarily dispute whether a substantial part of the events giving rise to Plaintiff's claims occurred in New York or in Florida.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss a case based upon "improper venue." When a defendant moves to dismiss the complaint under Rule 12(b)(3), "the plaintiff bears the burden of showing that the venue selected is proper." *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1356 (S.D. Fla. 2009). The court may consider evidence outside of the pleadings and may make findings of fact necessary to resolve the motion. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). All facts alleged in the complaint are accepted as true, provided they are not controverted by the defendant's evidence. *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)

Whether a venue is "improper" is governed by 28 U.S.C. § 1391. Under subsection (b)(2) of this statute, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" 28 U.S.C. § 1391(b)(2). Section 1391 is "meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003). Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is within the court's discretion whether to dismiss or transfer such a case. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

Relying on subsection(b)(2), Plaintiff's Amended Complaint alleges that "a substantial part of the events giving rise to the claims" occurred in the Southern District of Florida because "Defendants published and republished defamatory statements to a wide audience that includes securities attorneys and other persons who reside within the Fort Lauderdale Division. Defendants caused substantial harm to Plaintiff's personal and professional reputations in Florida." (Am. Compl. at ¶ 45.) Defendants contend that these allegations are conclusory and argue that this action should be dismissed or otherwise transferred to the Southern District of New York because all substantial events occurred in New York, not Florida. Defendants maintain that all relevant activities occurred in New York, including Alpert researching the relevant article while working for Dow Jones in New York. (Alpert Decl. at ¶ 3). Defendants also argue that, to the extent Plaintiff's professional reputation was harmed, such harm occurred in New York because Plaintiff's professional reputation is centered in New York where he practiced law for his entire career. Defendants point out that Plaintiff is not even barred in Florida.

3

Upon consideration of these arguments and the supporting submissions, the Court finds that Plaintiff has failed to allege that any of its claims (which are all based on the same set of facts) are properly brought in this district. The Amended Complaint establishes that Plaintiff's reputation as a securities lawyer was based in New York, that he is licensed to practice law in New York, not Florida, that he practiced his entire legal career in New York, and for many years was a named partner in a high-profile securities law firm in New York, Sichenzia Ross Ference Kesner LLP. On his LinkedIn profile, Plaintiff holds himself out as a "Corporate Lawyer at Law Office of Harvey J. Kesner, Esq." in "New York, New York". See [https://www.linkedin.com/in/harvey-kesner-255b5428](https://www.linkedin.com/in/harvey-kesner-255b5428). Most importantly, all substantial events relating to all five of Plaintiff's claims occurred in New York. Alpert and Buhl, citizens of New York, published their statements from New York. The Kesner's article focused on Plaintiff's firm's representation of three clients while he was a named partner at the New York law firm of Sichenzia Ross Ference Kesner LLP, and reported on the SEC lawsuit filed in New York federal court involving those clients. For these reasons, the Southern District of New York, not the Southern District of Florida, is the proper venue for this case.

Because the Court finds that venue is improper here, the remaining issue is whether the Court should dismiss this action or transfer it to the Southern District of New York pursuant to 28 U.S.C. § 1406(a). Here, the Court finds that the interests of justice would best be served by transfer of this case. Thus, the Court will direct this case to be transferred to the Southern District of New York.

The Court finds that transfer is also warranted under 28 U.S.C. § 1404(a), which gives the Court discretion to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district

4

or division to which all parties have consented." In order to transfer an action under Section 1404, the Court must determine that the alternative venue is one in which the action could have originally been brought. The parties agree that the Southern District of New York is a proper venue where the case could have been brought, as does this Court. In determining whether transfer is warranted, courts in the Eleventh Circuit consider nine private and public interest factors.[1] Because the Court has ordered transfer of this case pursuant to 28 U.S.C. § 1406(a), the Court will not discuss each individual factor. However, in considering the arguments made by both parties, the Court does find that New York appears to be a more convenient forum based on the factors of the locus of operative facts; location of key documents to the case; and the comparative convenience to the witnesses and parties, particularly where the majority of the parties, potential witnesses, and relevant persons reside in New York, and where Plaintiff has already attempted to transfer an unrelated action to the Southern District of New York in the recent past without claiming it to be burdensome. *See MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP et al.*, No. 3:18-cv-02494 (S.D. Cal.), DE 28.

For these reasons, it is hereby

**ORDERED** as follows:

1. Defendant William Alpert's Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Joint Motion with All Defendants to Dismiss for Improper Venue or Transfer [DE 40] is **GRANTED** to the extent that the case shall be transferred for improper venue.

---

[1] The nine private and public interest factors are: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

2.      The Clerk of the Court is directed to **TRANSFER** this case to the Southern District of New York, and remove Judge Rodney Smith as the presider judge in this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 1st day of May, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record